*EXHIBIT "A"*

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Sung Hee Joo</u>
Plaintiff
    vs.
<u>University of Miami</u>
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.  REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>1</u>

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Anthony M Georges-Pierre</u>     FL Bar No.: <u>533637</u>
Attorney or party                                                                  (Bar number, if attorney)

<u>Anthony M Georges-Pierre</u>     <u>08/28/2018</u>
(Type or print name)                                           Date

Filing # 77337337 E-Filed 08/31/2018 04:03:46 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SUNG HEE JOO,
and other similarly situated individuals,
Plaintiff,

vs.

Case No. 2018-029390 CA 01

UNIVERSITY OF MIAMI
a Florida Not For Profit Corporation

DATE 9-11   TIME 1058A
INITIALS C   ID# 245

Defendant.
_____/

## SUMMONS IN A CIVIL CASE

TO: UNIVERISITY OF MIAMI, through its Registered Agent:

ANDREA E. ORANGE
1320 SOUTH DIXIE HIGHWAY
CORAL GABLES, FL 33146

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

CLERK                                   DATE 9/5/2018

(BY) DEPUTY CLERK



6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SUNG HEE JOO,
and other similarly situated individuals,

    Plaintiff,

vs.                                    Case No. 2018-029390 CA 01

UNIVERSITY OF MIAMI
a Florida Not For Profit Corporation;

    Defendant.
_____/

## COMPLAINT

Plaintiff, SUNG HEE JOO, by and through the undersigned counsel, hereby sues Defendant, UNIVERSITY OF MIAMI ("Defendant"), and in support thereof avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages under the Equal Pay Act of 1963, 29 U.S.C. § 206, *et seq*. ("EPA").

2. This Court has jurisdiction over Plaintiff's EPA claims pursuant to 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court.

4. Defendant, UNIVERSITY OF MIAMI, is a Florida not for Profit Corporation with its main place of business in Miami-Dade County, Florida.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due and owing in Miami-Dade County.

1

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On or about February 2014, Plaintiff began working for Defendant as an Assistant Professor with the Department of Civil, Architectural, and Environmental Engineering.

9. Throughout Plaintiff's employment, Defendant has consistently hired men at considerably higher rates than women, such that the salary structure has resulted in a substantial disparity between the male and female employees in each category.

10. Male Assistant Professors perform substantially similar work under similar working conditions as Plaintiff.

11. The increased pay that males received was not based on superior skill, education, or experience, or any other legitimate factor.

12. On or about 2015, Plaintiff's colleague, Dr. Seokgi Lee (Dr. Lee), was paid more than Plaintiff.

13. Dr. Lee is a Tenure-Track Assistant Professor just like Plaintiff. As of 2015, Dr. Lee earned approximately more than $90,000.00 while Plaintiff earned only $86,000.00

14. Furthermore, for school year 2016-2017, Defendant compensated Plaintiff an annual salary of $4,120.00 less than a similarly situated male counterpart, Dr. Emrah Celik ("Dr. Celik").

15. Though Plaintiff had continued to receive annual raises, her salary remained significantly below that of her male counterparts, including Dr. Celik and Dr. Lee.

16. Moreover, Defendant planned on keeping Plaintiff's salary significantly less than her male counterpart, Dr. Celik, because Defendant projects to increase Dr. Celik and Plaintiff's salary by 3% each year in accordance to their respective salary for the given year.

17. Furthermore, Defendant keeps records of Dr. Celik and Plaintiff's salary increase until the school year 2021-2022, thereby furthering the salary discrepancy between Plaintiff and Dr. Celik.

18. Plaintiff's job duties in comparison to Dr. Celik and Dr. Lee were essentially similar as their duties comprised of research, teaching, and services.

19. Specifically, Plaintiff and the aforementioned individuals' duties include, but are not limited to, the following:

   A. Researching scholarly activities – publications, grants, and advising students;

   B. Teaching undergraduate and graduate courses –teaching one course per semester, which is a total of two courses per year, from the date of hiring to the third year, and from the third year until tenure review, teaching three courses per year.

   C. Rendering services at the department, college, and university level.

20. According to Defendant's projections for the year 2021-2022, Plaintiff's salary in comparison to Dr. Celik's salary would have been a lesser difference of $4,776.00.

## COUNT I
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

22. Plaintiff belongs to a protected class; she is female.

23. Plaintiff's job functions as Assistant Professor with Defendant were and are of equal skill,

effort, and responsibility as the job functions of Defendant's male Assistant Professors, and they were performed under the same or similar working conditions.

24. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male Assistant Professors' wages while performing the same or substantially more work than her male coworkers.

25. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers.

26. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: __8/28/18__

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar Number: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005